UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWIGHT NORTON,

Plaintiff,

v. Case No. 8:19-cv-714-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

Defendant.
_______________________________________/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") (Doc. 1). In conjunction with his appeal, Plaintiff filed a Motion for Remand pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. 18). Upon consideration, the Commissioner's decision is affirmed, and Plaintiff's Motion is denied.

**I. Procedural Background**

Plaintiff filed an application for DIB and SSI (Tr. 311–15; 325–31). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 209–26; 231–50). Plaintiff then requested an administrative hearing (Tr. 276–78). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 143–73). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 122–42). Subsequently, Plaintiff requested review from the Appeals Council and provided the

Appeals Council with new evidence. After considering the new evidence, the Appeals Council denied Plaintiff's request for review (Tr. 1–7). Plaintiff then timely filed a complaint with this Court (Doc. 1).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1964, claimed disability beginning January 29, 2016 (Tr. 127). Plaintiff obtained a high school education (Tr. 134). Plaintiff's past relevant work experience included work as a municipal maintenance worker, construction worker, and as a heavy truck driver (Tr. 170–71). Plaintiff alleged disability due to carpal tunnel, and neck and back surgery (Tr. 210, 232).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019, and had not engaged in substantial gainful activity since January 29, 2016, the alleged onset date (Tr. 127). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: right carpal tunnel syndrome, status post release surgery, degenerative disc disease of the lumbar and cervical spine, and lymphedema (Tr. 127). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 127). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except Plaintiff could occasionally climb, balance, stoop, kneel, crouch, and crawl. Plaintiff was also limited to frequent handling and fingering with his right dominant upper extremity (Tr. 128). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's

subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 132).

Considering Plaintiff's noted impairments, a vocational expert ("VE") testified that Plaintiff could not perform his past relevant work (Tr. 171), but given Plaintiff's background and RFC, Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a cleaning worker, fast food worker, and cashier (Tr. 172). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 135).

**III. Plaintiff's Appeal**

To be entitled to benefits, a claimant must be disabled, meaning he must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations

establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his past relevant work. If the claimant cannot perform the tasks required of his prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.

*Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Plaintiff raises two issues on appeal: (1) whether substantial evidence supports the ALJ's RFC assessment; and (2) whether the Appeals Council should have remanded Plaintiff's claim due to new and material evidence. For the reasons that follow, the ALJ applied the correct legal standards, and his decision is supported by substantial evidence.

**A. Plaintiff's RFC**

Plaintiff argues that no substantial evidence supports the ALJ's finding that Plaintiff could frequently use his right upper extremity for handling and fingering. Particularly, Plaintiff contends that: (1) there was no opinion evidence supporting the stated limitations by the ALJ; (2) the transcripts of the hearing did not properly state Plaintiff's testimony that he had difficulty using his right hand; and (3) the ALJ was unable to appreciate that Plaintiff's hand was drawn in a clawed position because the

administrative hearing was conducted via teleconference. Plaintiff further argues that the matter should be remanded for further development of the record

The Commissioner counters that in reaching his RFC findings, the ALJ took into consideration all the relevant evidence, including opinion evidence from the state agency expert and consultative physicians, and the Plaintiff's testimony (Tr. 128-133). The Commissioner further argues that because Plaintiff challenges the ALJ's fact-findings, and only a modicum of evidence is necessary to support the ALJ's findings, the Court should provide deference to the ALJ's decision (Doc. 32 at 10-11). The Court agrees with the Commissioner.

At step four of the sequential evaluation process, the ALJ must assess the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To determine a claimant's RFC, an ALJ must make an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1). An ALJ's RFC finding receives deference when the administrative record "contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Sufficient evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

At step four of the sequential evaluation process, the ALJ determined that Plaintiff had the RFC to perform light work, except he was limited to frequent handling and fingering with his right dominant upper extremity (T. 128). To support his decision, the

ALJ acknowledged Plaintiff's testimony that "he has muscle atrophy in his right hand due to his carpal tunnel surgery and [that] it makes it difficult for him to use his right hand when writing or buttoning his shirt" (Tr. 129). The ALJ also acknowledged Plaintiff's medical history of carpal tunnel syndrome and noted that Plaintiff underwent surgical decompression on the right hand in 2014, but he did not regain strength or muscle bulk following the surgery (Tr. 130, 795). Further, the ALJ acknowledged that on examination, Plaintiff was found to have slightly reduced strength in his right upper extremity as well as muscle wasting at the anatomic snuffbox, thenar eminence, and hypothenar (Tr. 130, 794). The ALJ, however, found Plaintiff's testimony regarding his limitations due to his carpal tunnel syndrome inconsistent with the objective medical evidence. Particularly, the ALJ noted that in 2016, Plaintiff reported to Dr. Eniola Owi, a consultative examiner, that he has an unimpaired ability to write, dress himself, turn door handles, and grip (Tr. 532). Further, upon examination, Dr. Owi noted that Plaintiff had normal gross and fine finger dexterity as well as grip strength (*Id.*). The ALJ also noted that the record reflected that Plaintiff experienced symptoms related to carpal tunnel syndrome since 2003, but this did not prevent Plaintiff from continuing full-time work despite those limitations (Tr. 132, 674). Further, the ALJ noted that there was no evidence in the record that Plaintiff received treatment for his carpal tunnel condition during the relevant period (Tr. 132).

Here, although no physician provided a function by function assessment of Plaintiff's limitations, the ALJ based his RFC's assessment on Plaintiff's medical history, medical signs, evidence from attempts to work, and any measures Plaintiff used, or did

not use, to relieve his symptoms as required by the regulations. *See* 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3), 416.929(c)(3)(i)-(vii), 416.945(a)(3). Therefore, the ALJ's decision is supported by substantial evidence, and the ALJ was not required to order a consultative examination. *See Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1269 (11th Cir. 2007) (stating that although the ALJ has a duty to develop the record, the ALJ is not required to order a consultative examination as long as the record contains sufficient evidence upon which the ALJ can make an informed decision).

Plaintiff also argues that there was a transcription error or that he used the word "conjugal" incorrectly during the hearing, which affected the ALJ's decision. Plaintiff asserts that "the gist of the testimony" was that Plaintiff had muscle atrophy causing him difficulty with tasks requiring "handling and fingering" (Tr. 167–68). In his decision, the ALJ acknowledged Plaintiff's testimony regarding difficulties using his right hand (Tr. 129). Specifically, the ALJ noted that Plaintiff "testified that he has muscle atrophy in his right hand due to carpal tunnel surgery and it makes it difficult for him to use his right hand when writing or buttoning his shirt" (*Id.*). Thus, despite Plaintiff's word choice, there is no indication that the ALJ misunderstood Plaintiff's testimony.

Moreover, Plaintiff argues that the ALJ's decision was affected by conducting the hearing via teleconference[1] because the ALJ was not capable of appreciating Plaintiff's clawed hand. Plaintiff's argument is unpersuasive for two reasons. First, according to the Social Security Regulations, once a plaintiff is notified that his hearing is scheduled via video conference, the plaintiff has thirty days to object. *See* 20 C.F.R. § 404.936(d). If the

[1] The hearing was conducted by video conference (Tr. 145).

plaintiff notifies his objection to the SSA within the allotted time, and the plaintiff's residence does not change while the request for hearing is pending, the SSA will set the hearing for a time and place at which the plaintiff may appear before the ALJ in person. *Id*. Here, despite being notified by the ALJ that his hearing was scheduled via video conference, Plaintiff filed no objection (Tr. 145, 190). As a result, Plaintiff waived his right to appear in person at the hearing.

Second, there is no reason to assume that the ALJ could not observe the hand during the video conference. Even if the ALJ would have been able to better observe Plaintiff's hand in person, Plaintiff has failed to show that the outcome of the case would have been different. Although an ALJ may observe and comment on "a claimant's appearance and demeanor during the hearing," the ALJ's observation cannot be the sole basis for discounting, or in this case, supporting a Plaintiff's alleged disability claim. *Macia v. Bowen,* 829 F.2d 1009, 1011 (11th Cir. 1987); *see also Herron v. Shalala,* 19 F.3d 329, 334 n. 10 (7th Cir. 1994) ("an ALJ cannot make an independent medical finding"); 3 Soc. Sec. Law & Prac. § 37:78 ("When an ALJ, in a decision regarding an application for disability benefits, indulges his or her layperson's view of a disorder in lieu of an expert opinion, the ALJ's decision lacks evidentiary support"). The Court concludes that the ALJ applied the proper legal standards and that substantial evidence supports the ALJ's RFC assessment.

**B. The Appeals Council's Decision**

A claimant dissatisfied with a hearing decision may request that the Appeals Council review his action. 20 C.F.R. §§ 404.967, 416.1467. When a claimant appeals an

ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261 (internal quotation and citation omitted). "The Appeals Council is not required to provide a detailed explanation of a claimant's new evidence when it denies a petition for review." *Beavers v. Soc. Sec. Admin., Commr.*, 601 F. App'x. 818, 821 (11th Cir. 2015). Thereafter, review by a district court requires consideration of evidence not initially submitted to the ALJ, but considered by the Appeals Council, in order to determine whether that new evidence renders the denial of benefits erroneous. *Ingram*, 496 F.3d at 1258.

Plaintiff submitted evidence to the Appeals Council in the form of various medical records dated April 23, 2018; August 3, 2018; August 17, 2018; July 14, 2018; July 18, 2018; September 12, 2018; November 16, 2018; December 20, 2018 to January 17, 2019; and December 5, 2018 to February 1, 2019. The Appeals Council denied Plaintiff's request for review on the basis that the medical records dated April 23, 2018, were not material (Tr. 2), and the rest of the evidence did not relate to the relevant period. (*Id.*). Plaintiff argues that contrary to the Appeals Council's decision, the records from September 12, 2018, and December 20, 2018, are chronologically relevant because they show that Plaintiff's weakness and atrophy and deformity in his right upper extremity had been present for several years prior to the ALJ's decision.[2] Upon consideration, the Court

[2] Plaintiff makes no such argument as to the rest of the evidence submitted to the Appeals Council.

concludes that the Appeals Council applied the proper legal standards, and its decision is supported by substantial evidence.

Evidence is "chronologically relevant, if it relates to the period on or before the date of the ALJ's hearing decision." *Washington v. Soc. Sec. Administration, Commr.*, 791 F. App'x. 871, 876 (11th Cir. 2019). Medical opinions based on treatment that occurred after the date of the ALJ's decision may be chronologically relevant if they relate back to the relevant period. *Id*.

According to the evidence, on September 12, 2018, Plaintiff presented to Cory Physical Therapy for a muscle atrophy evaluation after Plaintiff's reported having problems with weakness in his right hand (*see* Tr. 59, 69, 70).[3] At the evaluation, it was noted that Plaintiff had pain and paresthesia on both sides of his right dominant hand that according to Plaintiff had persisted for the past three years (T. 59). It was also noted that the claimant had severe muscle atrophy to his right thenar eminence and the gross grasp strength in his dominant hand was severely limited (T. 63). While this evidence supports Plaintiff's alleged medical impairments with his right-hand, the evidence does not indicate that Plaintiff suffered specific limitations arising from such conditions during the relevant period. Notably, the notes state that Plaintiff is "currently" experiencing problems with

[3] On August 17, 2018, Plaintiff was referred for a muscle atrophy evaluation, and a hand surgery evaluation after Plaintiff's reported having problems putting his pressure stocking due to weakness in his right hand (Tr. 69, 70).

activities of daily living like grasping, dressing, and twisting jars, but do not state that Plaintiff's medical condition had limited these activities in the past (Tr. 59–63).[4]

Similarly, on December 20, 2018, Plaintiff presented to the Florida Orthopedic Institute after being referred for a hand surgery evaluation. Plaintiff complained of right-hand pain, numbness, and muscular wasting (Tr. 12). Plaintiff reported having undergone a 2014 carpel tunnel surgery without obtaining any relief. Plaintiff also reported that over the past years, his hand wasted away and became very tiny (*Id.*). Plaintiff then reported losing fine motor skills in the right hand to the point that he was having a very difficult time with small objects (*Id.*). After examination, Plaintiff was diagnosed with wasting and atrophy of the distal forearm muscles, and ulnar claw, and was determined that he had very weak intrinsic abduction and adduction of the digits. He also had very weak pinch and very weak opposition of the thumb (T. 13). However, the notes do not address Plaintiff's medical condition in the past, nor indicate that Plaintiff's physician reviewed records from the relevant period. *See Washington v. Soc. Sec. Admin., Com'r*, 806 F.3d 1317, 1322–23 (11th Cir. 2015) (finding a medical opinion based on treatment occurring after the ALJ's decision was chronologically relevant, when (1) it was based on the claimant's description of his mental health symptoms during the relevant period, (2) the evaluating psychologist had reviewed the claimant's mental health treatment records from the relevant period, and (3) there was no evidence of the claimant's mental health decline

[4] Similarly, on July 14, 2018, Plaintiff reported to the Tampa Family Health Clinic that he had carpal tunnel syndrome that has been going on for several years, but he has been very uncomfortable "lately." (Tr. 87).

since the ALJ's decision). Therefore, the medical records are not chronologically relevant.[5]

Different from the records discussed above, records from April 23, 2018 are chronologically relevant as they were issued before the ALJ's decision of May 26, 2018. The records, however, are not material. Evidence is "material" when, "if accepted, there is a reasonable possibility that the evidence would change the administrative result." *Washington,* 806 F.3d at 1321 (internal quotations and citations omitted). The April 23, 2018 records do not address Plaintiff's right-hand limitations (*see* Tr. 175–79). Therefore, they do not show "a reasonable probability" that had the ALJ considered this evidence, the ALJ would have changed the outcome of the decision.

**IV. Plaintiff's Motion for Remand Under Sentence Six.**

Under sentence six of 42 U.S.C. § 405(g), a court may remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To demonstrate that remand for consideration of new evidence is appropriate, the Plaintiff must show that: (1) there is new, non-cumulative evidence; (2) the evidence is material, *i.e.*, relevant and probative such that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the applicant's failure to submit the evidence at the appropriate administrative

[5] This finding is supported by other medical notes provided to the Appeals Council, that although not discussed in Plaintiff's memorandum, set Plaintiff's muscular atrophy onset date as October 9, 2018—five months after the ALJ issued his decision (Tr. 25, 29).

level. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Plaintiff submits evidence to the Court in the form of various progress notes from his orthopedic surgeon Dr. Alfred Hess, dated December 20, 2018, January 17, 2019, February 28, 2019, and March 14, 2019 (Doc. 18-1). Plaintiff claims that the treatment notes—which were generated after the ALJ's unfavorable decision—reflect on Plaintiff's right-hand condition and limitations at the time of the decision. Further, he claims that had the ALJ had the opportunity to consider the notes, his findings and ultimate decision would have been different (Doc. 18 at 2). Plaintiff's arguments are unpersuasive.

As a preliminary matter, the Court notes that a sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). The evidence submitted by Plaintiff was dated after the ALJ's decision (Doc. 2). However, the treatment notes from December 20, 2018, and January 17, 2019, were presented to the Appeals Council, which concluded, as discussed above, that the notes did not relate to the period at issue and denied review on this basis (Tr. 2). Because the notes were presented to the Appeals Council, they cannot be considered "new evidence" for purpose of a remand under sentence six. *See Ingram*, 496 F.3d at 1269 ("Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand").

With respect to the treatment notes from February 28, 2019 and March 14, 2019, the Court finds, and Defendant does not dispute, the evidence is new because it was submitted only to the Court and good cause exists to submit the evidence at this time (Doc. 18-1 at 1–4). This evidence, however, is not material. "To be material, the evidence must be relevant and probative so that there is a reasonable probability that it would change the administrative outcome." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citation omitted). Evidence is relevant when it relates back to the original alleged onset date of disability, or at least must relate to the disabilities litigated administratively. *See Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988). In other words, the evidence must be relevant to a condition existing prior to the final decision by the Appeals Council. *See Austin v. Astrue*, No. 5:07cv52, 2008 WL 2385520, at *15 (N.D. Fla. June 9, 2008) (*citing Thomas v. Sullivan*, 928 F.2d 255, 260-61 (8th Cir. 1991)).

Plaintiff's treatment notes from February 28, 2019 and March 14, 2019, are progress notes related to Plaintiff's right-hand surgery, performed by Dr. Hess in January 2019.[6] The notes are not material because there is not a reasonable possibility that the administrative result would change if that evidence were allowed to be considered on remand. Particularly, the progress notes described Plaintiff's right-hand evolution after the surgery and failed to make any reference to how the alleged impairments might have

[6] Plaintiff's Motion states that Dr. Hess performed surgery on Plaintiff on March 23, 2019 (Doc. 18 at 1). This information is contrary to the progress notes, which indicate that Plaintiff visited Dr. Hess on February 28, 2019, two weeks after his surgery (Doc. 18-1 at 3).

affected Plaintiff's ability to work during the relevant time period (*see* Tr. 1-7). As a result, remand is not warranted.

**V. Conclusion**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed;
2. Plaintiff's Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (Doc. 18) is denied;
3. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

ORDERED in Tampa, Florida, on June 17, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE